William G. Easton, J.
This motion was brought by petitioner trust company by show cause order for the judicial settlement of its account as trustee under an inter vivos trust established by one, Pearletta E. Luscher, who died July 21,1962. Petitioner prays for the settling of its account, the fixing of compensation for the trustee and its counsel and for the determination of whether a claim against Miss Luscher, the income beneficiary, for medical care in Monroe County Home and Infirmary should be paid by the trustee or by the representative of her estate. If paid by the trustee, the remainderman under the trust agreement will bear the expenses of the medical care. Otherwise, the beneficiaries of Miss Luscher’s estate will be subjected to its payment. There appears to be no dispute under the trustee’s account except for the construction of the provision in the trust agreement which provides as follows: “ This fund shall be charged with all expense of my last illness, funeral directors fees and all expenses incident to my burial.”
*506 In essence, the court is asked to determine whether the decedent intended by this provision the payment of all expenses connected with her confinement in the Monroe County Home and Infirmary. As a general rule of construction, the court must give the words their ordinary meaning unless they are technical words or legal terms. The expression “ last illness ” is neither a technical nor legal term.
Further, the court deems it important to consider the circumstances involved and other expressions of one whose words are to be legally construed. Miss Luscher was found in her home on January 24,1961 suffering from chronic malnutrition and chronic dehydration and was removed to the Monroe County Home and Infirmary. While there, her condition improved although because of her age (86 years) she was never in good health. She was billed for her care and about March 23, 1961 authorized the trustee to pay the county home and infirmary its first bill in the amount of $468.71. Thereafter, she refused to authorize the trustee to pay any further similar bills because she thought they were excessive. On July 13, 1962 she suffered a stroke which resulted in her death. She was judicially declared incompetent about the middle of July, 1962 and died the day after the committee qualified.
Counsel have not cited any decision in this State in which this issue has been considered, nor is the court able to find any. In other jurisdictions in which there are statutes providing for a preference to claims for expenses of the last illness, the issues here involved have been considered at length. In a fairly recent Pennsylvania decision involving the estate of a person who apparently died of alcoholism (Matter of Nicholson, 57 Pa. Dist. & C. Rep. 181 [1946]) it was said that the last illness must be the proximate, not the remote cause of death. In that case physicians ’ claims for surgical services rendered six months before death and for sinusitis treatments given four months before death were disallowed. Since the treatments were not connected with the apparent cause of death, the physicians filing claims for such services had not attended the decedent subsequently, their claims were disallowed. Another case often cited for its definition of the expression “last illness ” is United States v. Frisbie (28 F. 808 [1886]). The report consists of a charge to a jury in a criminal conspiracy trial involving an alleged false pension claim. At page 810 the charge is as follows:1 ‘ The last sickness means the sickness which results in death. It may be more or less extended, according to the circumstances of the disease. If it is an acute disease, where a man was well, until he was confined to his bed, and then died, it would count only *507 from the time in which he was prostrated and confined to his bed. But if it was such a case as this was, lingering, and, while admitting of transient temporary recuperation, followed immediately by relapses, and every day adding to his aggregate weakness, why, the last sickness would commence from the time this consumption, in a pronounced way, set in. You must deal with that as you find it. It may be a year or less. It was from the time that he took to his bed and never left it. On the other hand, it should not be extended over a life-time, but you must, as sensible men, look at it, when, in the opinion of doctors, and in the opinion of those who knew, he had the disease operating upon bim from which he died. Consumption of the lungs is a very weakening disease, and a very protracted one.” It appears that the decedent’s death resulted from tuberculosis. From an analysis of these decisions and others, it would seem that the rationale of the courts has been that the last illness is one which so disables the decedent that he is unable to properly look after his personal affairs including arrangements for medical services.
The court cannot find that old age as here, is the proximate cause of death and therefore the last illness. The affidavit of Dr. Massaro, the director of the county home and infirmary and the death certificate itself, both indicate that the cause of death was heart disease. No evidence was produced, however, to establish that this was the reason for Miss Luscher’s confinement, nor was it shown that she had suffered a stroke or other heart ailment prior to her confinement. Miss Luscher’s last illness commenced with her being stricken on July 13, 1962.
The petition also asks for an order judicially settling and allowing its account and fixing the compensation of the trustee and allowances of counsel for services rendered. The account as submitted is settled and allowed and payments directed to the County of Monroe on its claim for the donor’s care in the Monroe County Home and Infirmary in accordance with this decision. The following allowances are made for the trustee and attorneys for the various parties, to wit:
To: Genesee Valley Union Trust Company, Trustee,
the amount of commissions.................... $892.00
Strang, Wright, Combs, Wiser & Shaw, Attorneys for Trustee, the amount of............... 800.00
Whitbeck & Holloran, Attorneys for Lucy Boch, inter vivos trust remainderman, the amount of.. 350.00
William Trebert, Edmund Clynes of counsel, Attorney for the Estate of Pearletta E. Luscher, the amount of............■................... 350.00